UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                           :
                                                   :         13-CR-900 (JMF)
            -v-                                    :         14-CR-501 (JMF)
                                                   :
LEON CARTER,                                       :         MEMORANDUM OPINION
                                                   :         AND ORDER
                        Defendant.                 :
                                                   :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant Leon Carter was convicted, following a guilty plea, of seven bank robberies in 2013. On February 27, 2015, the Court sentenced Carter to a term of 175 months' imprisonment — within the "career offender" Guidelines range of 151 to 188 months' imprisonment — to be followed by a term of three years' supervised release. *See* ECF No. 23; ECF No. 25 ("Sent. Tr."), at 11-13.[1] With good-time credit, Carter has now served roughly 156 months — or more than 92% — of his sentence; he is currently due to be released on June 17, 2026. Carter now moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for a reduction of his sentence. *See* ECF No. 37; *see also* ECF No. 38 ("Def.'s Mem."). As amended by the First Step Act, the "compassionate release" statute provides that the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *see*

---

[1] All record citations are to the docket in 13-CR-900 (JMF).

*also United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[2]  For the reasons that follow, Carter's motion is GRANTED.

First, the Court finds that there are "extraordinary and compelling reasons warrant[ing]" a sentence reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  U.S.S.G. § 1B1.13(b)(2) provides that "[e]xtraordinary and compelling reasons exist [where] . . . . [t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  Here, there is no dispute that Carter meets the first and third of these conditions: He is 67 years old and has served more than 11 years, which constitutes more than 92% of his term of imprisonment.  *See* Gov't Opp'n 8.  And the Court finds that he "is experiencing a serious deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(2).  Most notably, Carter suffers from debilitating arthritis, an age-related degenerative disease that has worsened considerably within the past two years and now limits his ability to perform routine, daily activities.  *See* Def.'s Mem. 5-6.  Between February 2023 and September 2024, for example, Carter's knee pain level went from a two out of ten to an eight of out ten.  *Id.* at 5.  What is more, Carter also suffers from other physical ailments including a diaphragmatic hernia, hyperlipidemia, prediabetes, gastro-esophageal reflux disease, age-related cataracts, and a Vitamin D deficiency.  *Id.*  All of this, taken together, is more than enough to satisfy the Section 1B1.13(b)(2) standard.  *See, e.g.*, *United States v. Campbell*, No. 09-CR-119-24 (ARR), 2023 WL 7013388, at *3 (E.D.N.Y. Oct. 25, 2023) (finding the Section 1B1.13(b)(2) standard to be met where the defendant's back condition had degenerated from "mild" lower

---

[2]  Where, as here, a defendant moves himself for compassionate release, there is also a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which Carter has indisputably satisfied.  *See* Def.'s Mem. 12-13; *see also* ECF No. 43 ("Gov't Opp'n"), at 6.

back pain in September 2022, to "sharp pain at a scale of 8" by April 2023 (cleaned up)); *see also United States v. Castillo*, 23-6229 (Lead), 23-6233 (Con), 2025 WL 100625, at *2 (2d Cir. Jan. 15, 2025) (summary order) (holding that a defendant need only show a "serious deterioration" in health due to the aging process, not "impair[ment]" of "basic human functions," to satisfy Section 1B1.13(b)(2)).

    Additionally, the Court concludes that the Section 3553(a) factors support a reduced sentence.  To be sure, there were (and still are) ample reasons — most notably, the seriousness of Carter's criminal conduct and his lengthy criminal history — for a substantial sentence.  But contrary to the Government's suggestion, *see* Gov't Opp'n 11, the focus of the Section 3553 inquiry in this context is on the circumstances as they exist today, not as they existed at the time of sentencing, *see* 18 U.S.C. § 3582(c)(1)(A) (providing that a court may grant a sentence reduction "after *considering* the factors set forth in section 3553(a) to the extent that they *are* applicable" (emphases added)).  By any reasonable measure, nearly twelve years — which is what Carter has effectively served with good-time credit — qualifies as a substantial sentence, and if the Court knew at the time of sentencing what it knows today it would have concluded that that sentence was "sufficient, but not greater than necessary, to comply with the purposes set forth in" Section 3553(a)(2).  18 U.S.C. § 3553(a).  Two considerations loom especially large in that respect.  First, the Court did not know that there would be a pandemic and that, as a result of the pandemic, Carter's conditions of confinement would be considerably harsher.  *See, e.g.*, *United States v. Fiseku*, No. 15-CR-384-1 (PAE), 2020 WL 7695708, at *6 (S.D.N.Y. Dec. 28, 2020) (observing that "time served during the pandemic is harder than during normal times").  And second, the Court did not know how well Carter would do in custody — most notably, his work as a suicide-watch companion; his apparent lack of any serious disciplinary infractions; and

the progress he has made in overcoming his history of substance abuse, a history that the played a significant role in his crimes of conviction and his prior crimes. See Def.'s Mem. 7-8.

In light of these considerations, the Court concludes that the length of time Carter has already served is sufficient to reflect the seriousness of the offense, to promote respect for the law, to afford deterrence, and to provide just punishment for the offense. See 18 U.S.C. § 3553(a)(2)(A). The need to provide medical care in the most effective manner also weighs in favor of allowing Carter to seek medical treatment outside the confines of the Bureau of Prisons. See id. § 3553(a)(2)(D); see also, e.g., United States v. Gluzman, No. 96-CR-323 (LJL), 2020 WL 4233049, at *18-19 (S.D.N.Y. July 23, 2020) (granting a motion for compassionate release in part based on the "need to provide [the defendant] with needed . . . medical care" (internal quotation marks omitted)). Accordingly, the Court GRANTS Carter's motion for a reduced sentence and shortens his term of imprisonment to time served plus one week (to facilitate an orderly reentry, to permit the Government to seek a stay in the event that it intends to appeal, and to permit the Government to make any necessary or appropriate victim notifications). See, e.g., United States v. Ortega, No. 13-CR-814-1 (JMF), 2023 WL 2752160, at *2 (S.D.N.Y. Mar. 31, 2023) (granting similar relief). The other aspects of Carter's sentence — including the length and conditions of supervised release — remain in effect.

The Clerk of Court is directed to terminate ECF No. 37 in Case No. 13-CR-900 and ECF No. 21 in Case No. 14-CR-501.

SO ORDERED.

Dated: July 7, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge